IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Kerin Motors, Inc., | ) | |
| Plaintiff, | ) | No. 07-517 |
| v. | ) | (Judge Christine O.C. Miller) |
| The United States, | ) | |
| Defendant. | ) | |

DEFENDANT'S
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims, defendant is respectfully submitting its Proposed Findings of Uncontroverted Fact to accompany its Motion for Summary Judgment.

1. The Postal Service leased property from Lester and Margaret Allen, located at W/S FM 589, Sidney, Texas, to house the main Post Office for Sidney, Texas beginning in 1969.[1] (Ex. 1; 2 ¶1). Lester and Margaret Allen divorced in 1982, and sole ownership of the Sidney property went to Margaret Allen. (Ex. 2 ¶3).

2. New leases, typically for five year terms, along with the Postal Service's exercise of unilateral renewal options over the years, extended the Postal Service's tenancy of the property through June 30, 2005. (Ex. 1). The last lease between Ms. Allen and the Postal Service was executed in December 1998; that lease ran from July 1, 2000 through June 30, 2005. (Exs. 2 ¶6; 3).

3. In all of those leases, riders (all of which were maintenance riders) that were part of the lease were physically included with the lease. (Exs. 1; 3).

[1] The Allens executed the lease in December 1968, but the lease did not begin until July 1, 1969.

4. Postal Service Real Estate Specialist William McMurry, of the Dallas, Texas Facilities Service Office, prepared the lease documents for that new lease with Ms. Allen in late November 1998 to extend the Postal Service's tenancy of the Sidney Post Office from July 1, 2000 through June 30, 2005. (Ex. 4 ¶3).

5. The Level One Documentation that Mr. McMurry prepared (which summarized the present lease terms, the proposed agreement, a summary of negotiations, and his recommendation to the contracting officer) stated there was no change in responsibilities between the parties. (Exs. 4 ¶3; 5).

6. After the contracting officer for the lease signed his approval on the Level One Documentation, Mr. McMurry prepared a new lease proposal to send to Ms. Allen using Postal Service software designed for that purpose. (Exs. 4 ¶¶3, 4; 5).

7. Among other things that Mr. McMurry had to do to prepare the new lease was to use a drop-down menu in the lease software to select riders or other attachments to include with the lease. (Ex. 4 ¶4). Mr. McMurry intentionally selected the Maintenance Rider – Lessor (M-1), but he apparently and inadvertently also selected the drop-down menu item called Reimbursement Tax Rider (T-1). (Ex.4 ¶4). Mr. McMurry did not intend to select the Reimbursement Tax Rider from the drop-down menu. (Ex. 4 ¶4).

8. The lease agreement that Mr. McMurry mailed to Ms. Allen did not contain a Reimbursement Tax Rider. (Exs. 3; 4 ¶5). Although he does not recall removing a Reimbursement Tax Rider from the lease, it was his practice to check the pages he retrieved from the community printer and remove any inapplicable pages. (Ex. 4 ¶5). He did not notice the reference to the Reimbursement Tax Rider in Section 7 of the lease. (Ex. 4 ¶5).

9. Ms. Allen executed the lease on December 4, 1998. (Exs. 2 ¶6; 3). The lease Ms. Allen executed did not contain a Reimbursement Tax Rider. (Ex. 2 ¶¶6, 7).

10. The contracting officer, Thomas Jacobs, executed the lease on December 23, 1998, thus extending the Postal Service's tenancy of the Sidney Post Office property from July 1, 2000 through June 30, 2005. (Exs. 3; 6 ¶2). The lease included two renewal options that allowed the Postal Service to unilaterally renew the lease for two five-year terms. (Ex. 3). The annual rent for those two five-year options was agreed to in advance and is specified in the lease that Ms. Allen entered with the Postal Service. (Ex. 3).

11. The lease filed with Clerk of Comanche County, Texas includes the Maintenance Rider, but it does not include a Reimbursement Tax Rider. (Exs. 16 ¶¶ 2-5; 17).

12. In approximately May 1999, Kerin Motors, Inc. purchased the Sidney Post Office property from Ms. Allen and became the successor in interest to the lease with the Postal Service. (Exs. 2 ¶9; 3, Clause A.25; 7).

13. In May 2002, real estate specialist Kathy Bjurman reviewed the Postal Service's lease of the Sidney Post Office to prepare to renew the lease with Kerin Motors. (Ex. 8 ¶2). She discovered a reference to a Reimbursement Tax Rider in Section 7 ("Other Provisions") of the lease. (Exs. 8 ¶4; 3, Section 7).

14. No Reimbursement Tax Rider was attached to the lease, and Ms. Bjurman knew that the prior owner had not requested that tax reimbursement be negotiated into the lease at the time Ms. Allen signed the lease renewal in December 1998. (Exs. 3; 8 ¶4). She also knew that the current owner, Kerin Motors, had never requested a tax reimbursement; therefore, she believed the reference was in error. (Ex. 8 ¶4).

15. Ms. Bjurman placed a note in the file on May 7, 2002, which reflected her belief that the reference was in error and the reasons for her belief. (Exs. 8 ¶4; 9).

16. On May 13, 2002, the Postal Service exercised the first five-year renewal option provided in the lease. (Exs. 8 ¶5; 10). The new lease term was from July 1, 2005 through June 30, 2010. (Ex. 10).

17. From the time Kerin Motors purchased the Sidney Post Office in May 1999 until November 2006, it never submitted a property tax reimbursement request, nor did it raise the issue of property tax reimbursement to anyone in the Postal Service. (Ex. 8 ¶6).

18. The Postal Service received a letter from Lawrence M. Magdovitz, Kerin Motors' attorney, dated November 4, 2006, requesting reimbursement for $286.32 in real estate property taxes that Kerin Motors allegedly paid on the Sidney Post Office for the 2006 tax year. (Exs. 8 ¶7; 11).

19. A few days later, the Postal Service received a second letter from Mr. Magdovitz, dated November 14, 2006, requesting reimbursement for $279.12 in real estate property taxes that Kerin Motors allegedly paid on the Sidney Post Office for the 2004 tax year. (Exs. 8 ¶8; 12).

20. By letter dated December 20, 2006, Ms. Bjurman notified Kerin Motors that its lease did not include a Reimbursement Tax Rider and that, therefore, the Postal Service would not honor any future tax reimbursement requests. (Ex. 13).

21. The Postal Service received another letter from Mr. Magdovitz of Kerin Motors, dated December 27, 2006, that stated the Postal Service was "directed to cure [the Postal Service's] breach" by paying past tax reimbursement requests. (Ex. 14). The letter set

forth additional claims for reimbursement for alleged property tax payments Kerin Motors paid from 1999 through 2006 for the Sidney Post Office. (Ex. 14).

22. On February 7, 2007, Ms. Bjurman issued to Kerin Motors a contracting officer's final decision letter denying its claim for property tax reimbursement in its entirety. (Exs. 8 ¶12; 15).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

/s/ Stephen D. Lobaugh
STEPHEN D. LOBAUGH
Civil Practice Section
United States Postal Service
475 L'Enfant Plaza, S.W., Room 6333
Washington, D.C. 20260-1127
(202) 268-4089

November 9, 2007