**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KERIN MOTORS, INC.,** | ) | |
| Plaintiff, | ) | |
| v. | ) | **NO: 07-517** |
| **UNITED STATES,** | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT AND PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

COMES NOW the Plaintiff, by and through its counsel, and files this Response to Defendant's Proposed Findings of Uncontroverted Fact and Plaintiff's Proposed Findings of Uncontroverted Facts, and in response thereto would show unto this Court the following, to-wit:

1. Admitted.

2. Admitted.

3. Denied. The Lease Agreement itself refers to the Tax Reimbursement Rider (T-1) which neither party can specifically support as to whether it was physically attached to the Lease Agreement or not. *See* Defendant's Exhibit 3.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied. The unsworn declaration of the Defendant's employee, William McMurry, has a patent equivocation in it that he "apparently", "inadvertently" selected the tax reimbursement rider pull-down menu, but he did not intend to do so.

8. Plaintiff will admit that Mr. McMurry did not notice the reference to a tax reimbursement rider in Section 7 of the lease, but Plaintiff denies that the lease agreement mailed to Ms. Allen did not contain a tax reimbursement rider as it clearly did from the language of the lease itself. *See* Defendant's Exhibit 3. Plaintiff further denies what Mr. McMurry's practices are as it has no knowledge of what those are and demands strict proof thereof.

9. Plaintiff admits that Ms. Allen executed the lease, but denies that the lease did not contain a reimbursement tax rider per the language of the lease itself. *See* Defendant's Exhibit 3.

10. Admitted.

11. Plaintiff admits that the copy of the lease filed with the Comanche County, Texas Clerk does not apparently have the tax reimbursement rider physically attached to it.

12. Admitted.

13. Admitted.

14. Denied. The declaration of Kathy Bjurman states that she knew the prior lessor, Margaret Allen, did not request a tax reimbursement rider in the new lease, however, the Declaration of William McMurry states in ¶ 3 that he negotiated with Ms. Allen and prepared the documents, so the Plaintiff does not believe that Ms. Bjurman actually has knowledge of what Ms. Allen negotiated for as it is contradicted by the Defendant's own declarations. The Plaintiff demands strict proof thereof.

15. Plaintiff admits that Defendant alleges its employee placed an unsigned note in the file, but the Plaintiff demands strict proof concerning foundation for admissibility.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

Respectfully submitted this, the 24th day of December, 2007.

KERIN MOTORS, INC., Plaintiff

s/ Lawrence M. Magdovitz, II

LAWRENCE MAGDOVITZ, II (BPR 020869)
*Law Offices of Lawrence Magdovitz*
8342 Macon Road
Cordova, TN 38018
(901) 737-0500
(901) 737-1604 (fax)

CERTIFICATE OF SERVICE

I certify that I have this 24th day of December, 2007, transmitted a copy of the foregoing document to Defendant's Counsel, Stephen Lobaugh, Esq., by electronic filing only.

s/ Lawrence M. Magdovitz, II
Lawrence M. Magdovitz, II