IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Kerin Motors, Inc., | ) | |
| Plaintiff, | ) | No. 07-517 |
| v. | ) | (Judge Christine O.C. Miller) |
| The United States, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

In contrast to its complaint, in which Plaintiff suggested the Reimbursement Tax Rider was physically present with the lease (Comp. ¶ 18), Plaintiff now admits that it was not. (Pl. Resp. 7). Instead, Plaintiff now argues that "[t]he language of the lease . . . incorporates the form rider by reference." (Pl. Resp. 7). The lease does not incorporate the rider by reference, so Plaintiff's cross-motion for summary judgment must fail and the Court should grant Defendant's motion for summary judgment.

**I. The Lease Does Not Incorporate by Reference a Reimbursement Tax Rider Because it Does Not Adequately Identify the Rider and Because the Parties Did Not Assent to Inclusion of the Rider in the Lease**

Plaintiff has the burden of establishing as a matter of law that the lease incorporated the rider. *See Cook Biotech, Inc. v. Acell, Inc.*, 460 F.3d 1365, 1376 (Fed. Cir. 2006) (whether a document is incorporated by reference is a question of law). Plaintiff here seeks to carry that burden by baldly asserting that the rider was incorporated by reference. Even if a bald assertion in a brief could qualify as an evidentiary showing, it is not enough to show merely that a contract referred to a document; the contract "must bring the terms of the incorporated

document into itself as if fully set out." *Northrop Grumman Information Tech., Inc. v. United States*, 78 Fed. Cl. 45, 48 (2007) (citing *Sucesion J. Serralles, Inc. v. United States*, 46 Fed. Cl. 773, 785 (2000)). Accordingly, a contract may incorporate another document by "identify[ing] with detailed particularity what specific material it incorporates and clearly indicat[ing] where that material is found in the various documents." *Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) (citations omitted); *see also Northrop Grumman*, 78 Fed. Cl. at 48 ("Incorporation by reference requires that the document to be incorporated be referred to and described in the contract so that the referenced document may be identified *beyond doubt*") (emphasis supplied) (quoting *American Dredging Co. v. Plaza Petroleum, Inc.*, 799 F. Supp. 1335, 1338 (E.D.N.Y. 1992) (internal quotations omitted). Here, Plaintiff's brief fails to point to any evidence or authority supporting its assertion that the reference to the Reimbursement Tax Rider was sufficient to incorporate that document into the contract. Instead, Plaintiff devotes much of its brief to the inapplicability of the theory of unilateral mistake—a theory that Defendant has never advanced and that is inapplicable in any event.

Defendant can identify the version of the Reimbursement Tax Rider that was in effect in the Dallas, Texas Facilities Service Office in December 1998 (Second Decl. of Kathy Bjurman and attached Reimbursement Tax Rider); however, Plaintiff cannot identify what rider is allegedly incorporated by reference. In fact, Plaintiff stated it would be "a fraud upon this Court" for it to attach to its complaint what would merely be "something 'similar' or 'like'" whatever rider the lease referred to. (Pl. Resp. 7). Plaintiff's professed ignorance as to "what specific material [the lease] incorporates" is fatal to its argument that the rider is incorporated by reference. *See Advanced Display Sys.*, 212 F.3d at 1282. Moreover, Plaintiff

seeks reimbursement for property taxes it paid back to 1999 (Comp. ¶ 10, 11, 20), and acknowledges that "[o]ver the years, that rider has undergone changes in wording and format." (Pl. Resp. 7).[1] The version Defendant has identified restricts the lessor to reimbursement for tax years that have ended within the previous 18 months. (Rider). Because the terms Plaintiff believes were incorporated by reference are materially different from the terms in the version of the rider Defendant has identified, it cannot be said that the allegedly incorporating language, "Reimbursement Tax Rider (T-1)," rises to the level of "identify[ing] with detailed particularity what specific material it incorporates and clearly indicat[ing] where that material is found." *Advanced Display Sys.* at 1282. The language most certainly does not allow "the referenced document [to] be identified beyond doubt." *Northrop Grumman*, 78 Fed. Cl. at 48. As a matter of law, the lease does not incorporate any reimbursement tax rider.

Even if the lease identified adequately a specific document, to lend contractual authority to the referenced material, at least one circuit has held that "it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms." *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996) (citations omitted); *see also* 11 Richard A. Lord, *Williston on Contracts* § 30:25 (4th ed. 1999) (stating the same) Along those same lines, this Court has held that incorporating a document into a contract is proper only when such incorporation "'will not result in surprise or hardship.'" *Northrop Grumman Information Technology, Inc. v. United States*, 78 Fed. Cl. 45, 48 (2007) (quoting *Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 447 (3d Cir. 2003)).

Defendant's motion for summary judgment established that "the parties to the agreement" did not "ha[ve] knowledge of [or] assent[] to the incorporated terms," *see*

---

[1] Riders, as their name suggests, are attachments to contracts; they are attached because, as Plaintiff acknowledges, they change.

*PaineWebber*, 81 F.3d at 1201, so incorporating any version of the rider would "result in surprise or hardship" to Defendant. *See Northrop Grumman*, 78 Fed. Cl. at 48. Plaintiff asks the Court to find the lease incorporates by reference a rider neither original party to the lease assented to. As Defendant argued in its summary judgment motion, Plaintiff was required to inquire about the discrepancy between what the lease said was included and what was actually included prior to purchasing the property (particularly given that the other rider listed in Paragraph 7 was physically attached to the lease). Plaintiff's response that it does not rely upon what riders are or are not attached to the leases associated with the many Post Offices it has purchased may shed light on why it did not raise the discrepancy years earlier, but it does not absolve it of its obligation to raise the discrepancy if it wished later to take advantage of the absent rider. *See Space Corp. v. United States*, 470 F.2d 536, 538 (Ct. Cl. 1972). The Court should not read into the lease a rider that would cause surprise and hardship to Defendant when Plaintiff had the opportunity, and the duty, to raise the issue before it purchased the property and lease from Ms. Allen.

## II. The Court May Consider the Parol Evidence Defendant has Submitted Either to Determine Whether the Parties Intended to Incorporate a Reimbursement Tax Rider or to Reform the Lease to Conform to the Parties' Intent

In light of Plaintiff's argument that the rider is incorporated by reference, the evidence Defendant included with its motion for summary judgment is significant not only for proving the actual contents of the lease, but also as parol evidence of the parties' intent. Plaintiff offers no evidence that contradicts the declarations and documentary evidence submitted by Defendant, but Plaintiff argues that the Court may not consider Defendant's parol evidence of

the parties' intent.[2] The evidence is relevant to deciding whether the parties "had knowledge of and assented to the incorporated terms," *PaineWebber*, 81 F.3d at 1201, and to the related question of whether the lease should be reformed. The Court should consider Defendant's parol evidence and grant Defendant's motion for summary judgment.

The Court may consider Defendant's parol evidence in deciding whether the lease reflects the intent of the parties at the time the lease was executed, or whether it needs to be reformed to reflect the actual intent of the parties. *See Nat'l Aust. Bank v. United States*, 452 F.3d 1321, 1330 (Fed. Cir. 2006) ("[Extrinsic] evidence is always admissible, in any case, to determine the need for reformation of an instrument."). Defendant has established that the parties to the lease were both mistaken about what was written in Paragraph 7 of the lease due to a scrivener's error, which justifies reformation. *See id.* at 1329 ("An erroneous mutual belief about the contents of a written agreement is sufficient to constitute a 'mistake' for this purpose [establishing the elements of mutual mistake]: reformation is available '"when the parties, having reached an agreement and having attempted to reduce it to writing, fail to express it correctly in the writing."') (quoting *Indiana Ins. Co. v. Pana Cmty. Unit Sch. Dist. No. 8*, 314 F.3d 895, 903-04 (7th Cir. 2003) (quoting Restatement (Second) of Contracts, § 155, cmt. a (1981)))[3]; *see also Atlas Corp. v. United States*, 895 F.2d 745, 750 (Fed. Cir.

---

[2] Plaintiff states, "Even if the Court finds that the contract language is ambiguous, this instance is precisely that which the parol evidence rule was formulated to address," (Pl. Resp. 5), but then simply states the language is not ambiguous, therefore barring the Court's consideration of parol evidence. If the Court determines that the reference coupled with the lack of a rider creates an ambiguity, "the parties' intentions may be revealed through extrinsic evidence." *Tecom, Inc. v. United States*, 66 Fed. Cl. 736, 749 (2005) (citations omitted).

[3] Restatement (Second) of Contracts, § 155 states, "Where a writing that evidences or embodies an agreement in whole or in part fails to express the agreement because of a mistake of both parties as to the contents or effect of the writing, the court may at the request of a party reform the writing to express the agreement, except to the extent that rights of third parties such as good faith purchasers for value will be unfairly affected." No decision of this Court or the Federal Circuit that Defendant has found has adopted or addressed the portion of

1990) ("Reformation . . . is a remedy the purpose of which is to make a mistaken writing conform to antecedent expressions on which the parties agreed."); *Am. President Lines, Ltd. v. United States*, 821 F.2d 1571, 1582 (Fed. Cir. 1987) ("The purpose and function of the reformation of a contract is to make it reflect the true agreement of the parties on which there was a meeting of the minds.").

Defendant established in its summary judgment motion that neither party intended for the lease to include a Reimbursement Tax Rider and that the reference in Paragraph 7 of the lease was a scrivener's error. That evidence includes declarations by both parties to the lease[4]; documentation prepared by Defendant before the lease's execution that stated there was no change in responsibilities between the parties; prior leases between the parties going back over thirty years, none of which included a tax reimbursement provision; Defendant's own cost estimate for the lease, which factored the lessor's responsibility for property tax payments into the government's estimate of what it should pay to lease the property; and the fact, which Plaintiff now concedes (Pl. Resp. 7, *but see* Pl. Resp. to Def. Findings of Fact ¶ 3), that no such rider was physically included with the lease, in conjunction with the fact that the other rider referenced in Paragraph 7 (the Maintenance Rider) was physically included with the lease.

---

§ 155 that refers to third parties. It is unclear whether Plaintiff would even be considered a "good faith purchaser for value" because Plaintiff purchased the property, not the lease. More importantly, as Defendant has demonstrated here and in its motion for summary judgment, it is Defendant, not Plaintiff, that would be unfairly affected by absolving Plaintiff of its duty to carefully examine the lease and inquire about the obviously missing rider. Plaintiff's delay in seeking reimbursement, for more than seven years, severely undercuts any potential argument that Plaintiff relied on the mistaken reference when it chose to purchase the property.

[4] Plaintiff inexplicably characterizes Defendant's declarations as unsworn. (Pl. Resp. 8, 9; Pl. Resp. to Def. Findings of Fact ¶ 7). All of Defendant's declarations are sworn and properly signed and dated.

Plaintiff has offered no evidence disputing either party's intent. Naked argument, criticism of Defendant's evidence, and unfounded suggestions of misconduct[5] do not suffice to establish a factual dispute that must be tried. *See First Annapolis Bancorp, Inc. v. United States*, 75 Fed. Cl. 263, 274-75 (2007) (citations omitted) ("[M]ere denials, conclusory statements, or evidence that is merely colorable or not significantly probative will not defeat summary judgment."). Plaintiff's questioning the reliability of Defendant's evidence "due to the passage of time" is particularly unpersuasive given that the passage of time is due to Plaintiff's admitted failure to submit a claim for property tax reimbursement to the contracting officer for more than seven years after it purchased the property. (Magdovitz Aff. ¶ 6). Plaintiff's arguments, without evidence, do not suffice to defeat Defendant's motion for summary judgment, nor do they entitle Plaintiff to summary judgment.

### III. If the Lease Incorporates a Reimbursement Tax Rider by Reference, Plaintiff was Limited to Submitting One Claim per Year and to Reimbursement for Tax Years that Closed within the Previous 18 Months

As Defendant discussed above, if the Court determines as a matter of law that the lease incorporated by reference a Reimbursement Tax Rider, the version of the rider attached to Kathy Bjurman's second declaration is the version that it should find is incorporated. (Bjurman Second Decl. ¶¶ 1, 2). Although Plaintiff's claim to the contracting officer, complaint, and response to Defendant's motion for summary judgment all apparently assume

[5] Plaintiff states that among the parol evidence "Defendant has trotted out" is a declaration that "Defendant attempts to word . . . to its cause." (Pl. Resp. 5-6). Later, Plaintiff suggests a memo to file, which Kathy Bjurman swore in her declaration that she created in May 2002, "could have [been] created [by Defendant] recently to bootstrap its position." (Pl. Resp. 10). Later in the same paragraph, Plaintiff characterizes a portion of William McMurry's declaration as "disingenuous" (because he stated he had knowledge of something about which Ms. Bjurman stated she had no knowledge, as if his knowledge were dependent on hers). To the extent Plaintiff may be alleging inappropriate conduct, Defendant represents that every submission to the Court in this matter by the undersigned counsel is in compliance with United States Court of Federal Claims Rule 11(b).

a different, less restrictive version of the rider was intended to be incorporated by reference, Plaintiff has offered no evidence to support that assumption. *See First Annapolis Bancorp*, 75 Fed. Cl. at 274-75 ("conclusory statements, or evidence that is merely colorable or not significantly probative will not defeat summary judgment"). The apparent disagreement calls into serious question whether any version of the rider may be considered incorporated by reference, but Plaintiff's bare allegations do not require the Court to hold a trial to determine which version of the rider is incorporated.

The Reimbursement Tax Rider states, "Lessor may submit not more than one request for reimbursement in any calendar year . . . and reimbursement will be made not more than one time annually by the Postal Service." (Rider attached to Bjurman's Second Decl., c.1.). The rider also provides, "The Postal Service is not required to reimburse paid taxes unless the request for reimbursement is made within 18 months after the close of the tax year." (Rider, c.9.). Finally, the rider requires the lessor to "provide copies of the front and back of the complete tax bill issued by the taxing authority, along with satisfactory proof of payment." Under the terms of the rider, most of Plaintiff's requests for reimbursement are defective and out of time.

Plaintiff did not submit "copies of the front and back of the complete tax bill issued by the taxing authority" or "satisfactory proof of payment" for any tax year except the 2004, 2005, and 2006 tax years.[6] (Rider c.7.; App. 75, 79, 85-92). Plaintiff's claims for all earlier tax years are therefore deficient and must be denied. Plaintiff's first request for reimbursement, dated November 4, 2006, for $286.32 paid for the 2006 tax year, (App. 74) would be allowed under the terms of the rider. Plaintiff's second request, dated November

[6] A printout of the amount due, next to which the lessor has written the letters "pd," is not "other documentation satisfactory to the Postal Service." (Rider c.7.(iv)).

17, 2006, for reimbursement of $274.27 paid for the 2004 tax year, would not be allowed, both because it was a second request in the same calendar year and because the tax year in question closed more than 18 months prior to the date of the request. (Rider c.1. & c.9.; App. 77). Even if the Court were to waive the rider's explicit provision allowing only one request for reimbursement per year and permit Plaintiff's third claim, dated December 27, 2006, to count as its claim, Plaintiff is only eligible for reimbursement of property taxes paid for the 2005 and 2006 tax years due to the 18-month limit on reimbursement requests.[7]

CONCLUSION

In light of the argument presented above, and in our motion for summary judgment, we respectively request that the Court grant our motion for summary judgment and deny Plaintiff's cross-motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

THOMAS J. MARSHALL
Managing Counsel
Civil Practice Section
United States Postal Service

/s/ Stephen D. Lobaugh
STEPHEN D. LOBAUGH
Civil Practice Section
United States Postal Service
475 L'Enfant Plaza, S.W.
Room 6333
Washington, D.C. 20260-1127
(202) 268-4089

January 24, 2008

[7] The request for reimbursement for the 1999 tax year, and possibly for the 2000 tax year (depending on when the tax bill issued—Plaintiff has submitted no documentation indicating when that bill issued), are barred by the six-year statute of limitations. 41 U.S.C. § 605(a).