**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KERIN MOTORS, INC.,** | ) | |
| Plaintiff, | ) | |
| v. | ) | **NO: 07-517C** |
| **UNITED STATES,** | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER OF JANUARY 11, 2008**

COMES NOW the Plaintiff, Kerin Motors, Inc. (hereinafter "Plaintiff"), by and through its counsel, and files Plaintiff's Supplemental Brief pursuant to Court Order dated January 11, 2008 (hereinafter "Order"), and would show unto this Court the following, to-wit:

FACTS

I. Plaintiff re-alleges all facts as set forth in the Complaint and further states to the Court:

1. The Lease Agreement (hereinafter the "Lease") at issue in this matter between the Plaintiff and Defendant is a lease for 2051 Highway 589 in Sydney, TX 76479 (the "Property").

2. The Lease for the Property was entered into by both parties on December 23, 1998. A true and correct copy of the relevant portion of said Lease is attached hereto Exhibit A.

3. The Lease at issue has the same wording and formatting as a lease completed at the Terlton, Oklahoma Post Office in 1997. A true and correct copy of the relevant portion of the Terlton, OK lease is attached hereto Exhibit B.

4. Paragraph 7 of the Lease states that a Reimbursement Tax Rider (hereinafter the "Tax Rider") is made a part of the Lease.

5. The Defendant has represented to this Court that a provision stating that "Landlord agrees to submit a request for reimbursement of taxes within 18 months after the close of the tax year. In the event Landlord fails to submit its request for reimbursement within that time period, the USPS is not required to reimburse paid taxes" (hereinafter the "18 month provision").

6. The form of the Reimbursement Tax Rider (T-1) containing the 18 month provision was not adopted by the Defendant until February 2004. A true and correct copy of a February 2004 version of the Tax Rider is attached hereto Exhibit C.

ISSUES

The issues are (1) should the Court rule that the incorporation by reference was operative despite the USPS's failure to attach the Reimbursement Tax Rider to the Lease, and (2) what effect would the 18 month provision have on the Plaintiff's claims. The Plaintiff contends that (1) the Reimbursement Tax Rider (T-1) should be incorporated by reference under the case law and (2) the Reimbursement Tax Rider (T-1) applicable to this Lease did not contain the 18 month provision and thus has no effect on the Plaintiff's claims.

RULE OF LAW

Northrop Grumman Information Technology, Inc. v. U.S., 78 Fed.Cl. 45 (Fed.Cl., 2007) permits cited material to be incorporated into a document by reference. "Incorporation by reference provides a method for integrating material from various documents into a host document…by citing such material in a manner that makes clear that the material effectively part of the host document as if it were explicitly contained therein." Id.; Advanced Display Sys., Inc.

v. Kent State University, 212 F.3d 1272, 1282 (Fed.Cir.,2000). "To incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." Id. "Under general principles of contract law, a contract may incorporate another document by making clear reference to it and describing it in such terms that its identity may be ascertained beyond doubt." Id; New Moon Shipping Co., Ltd. V. MAN B& W Diesel AG, 121 F.3d 24, 30 (2d Cir.,1997).

The Court cited St. Christopher Assocs. v. United States, 75 Fed.Cl. 1 (2006) in regards to incorporation by reference in contracts. In St. Christopher Assocs. the United States Court of Appeals for the Federal Circuit stated that it was reluctant to incorporate by reference "statutory or regulatory provisions" into a contract with the government without explicit provision in the contract for the incorporation of such statutory or regulatory provisions. *See* St. Christopher Assocs. v. United States, No. 07-5069, slip op., at 11-12 (Fed. Cir. January 9, 2008), 2008 WL 80671, at *6 (*citing* Smithson v. United States, 847 F.2d 791, 794 (Fed.Cir. 1988)).

ANALYSIS

The Defendant is arguing that despite the clear language of the Lease, because the Reimbursement Tax Rider was not physically attached to the Lease that there is no Reimbursement Tax Rider applicable to the Lease.

In the Lease, Paragraph 7 states that "Other Provisions: The following additional provisions, modifications, riders, layouts and/or forms were agreed upon prior to execution and made a part hereof: Maintenance Rider – Lessor (M-1), Reimbursement Tax Rider (T-1), the Postal Service will pay separately metered recurring utility charges." *See* Exhibit A, Lease, p. 2. Although the Tax Rider was explicitly made a part of the Lease, the Defendant allegedly failed

to attach the Tax Rider to it, but the Tax Rider is still a part of the Lease by the language of the Lease incorporating the Tax Rider by reference.

According to Northrop Grumman Information Technology, Inc. v. U.S., 78 Fed.Cl. 45 (Fed.Cl., 2007) and Advanced Display Sys., Inc. v. Kent State University, 212 F.3d 1272, 1282 (Fed.Cir.,2000), to incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents. Under general principles of contract law, a contract may incorporate another document by making clear reference to it and describing it in such terms that its identity may be ascertained beyond doubt. Id; New Moon Shipping Co., Ltd. V. MAN B& W Diesel AG, 121 F.3d 24, 30 (2d Cir.,1997).

Paragraph 7 states "Other Provisions: The following additional provisions, modifications, riders, layouts and/or forms were agreed upon prior to execution and made a part hereof: Maintenance Rider-Lessor (M-1), Reimbursement Tax Rider (T-1), the Postal Service will pay separately metered recurring utility charges." This statement in paragraph 7 clearly describes the Tax Rider, which is a form that the Defendant simply attaches to its leases, and explicitly states the "Reimbursement Tax Rider", should be "a part hereof" which meets the standards set forth in Advanced Display Sys., Inc., 212 F.3d at 1282. There is no mistake in knowing the type of document the Tax Rider was to the Defendant because it was a form document the Defendant used commonly at the time that the Lease was created.

St. Christopher Assocs. is factually dissimilar from this case in that in St. Christopher Assocs. the issue was the incorporation by reference of "statutory or regulatory provisions" incorporated into a contract with the government without explicit provision for their incorporation. *See* St. Christopher Assocs. v. United States, No. 07-5069, slip op., at 11-12 (Fed.

Cir. January 9, 2008), 2008 WL 80671, at *6 (*citing* Smithson v. United States, 847 F.2d 791, 794 (Fed.Cir. 1988)). In this matter, we have explicit reference to a readily identifiable document. Further, both the Lease and the Reimbursement Tax Rider were drafted entirely by the Defendant.

Now having shown that incorporation by reference of the Reimbursement Tax Rider is proper, the Plaintiff now addresses the issue of the 18 month provision. In its Order, the Court cites the Defendants allegation that "according to the February 7, 2007 'Final Decisions of Contracting Officer,' a tax rider would have provided that the USPS 'is not required to reimburse paid taxes unless the request for reimbursement is made within 18 months after the close of the tax year'". However, at the time the Lease was signed, the Reimbursement Tax Rider (T-1) form used by the Defendant did not contain the 18 month provision. Plaintiff has attached an example of a Reimbursement Tax Rider (T-1) with the 18 month provision in it from the Milltown, IN USPS lease as Exhibit C, *supra*. On that rider, at the bottom left hand side of the document, it shows February 2004 as its version date. Comparing Exhibit C's version of the Reimbursement Tax Rider to Exhibit B's version of the Reimbursement Tax Rider, which has a version date of January 1996 and was signed in January of 1997, the Court can see that the Reimbursement Tax Rider which should have been attached to the Lease, would not have contained the 18 month provision as that provision did not come into use until February 2004. *See* Exhibit B, *supra*.

CONCLUSION

The Lease at issue is clear in its terms and incorporates by explicit reference a very specific and easily identified document, namely the Reimbursement Tax Rider (T-1). Further, the Reimbursement Tax Rider which should have been attached to the Lease would have been the January 1996 version which did not contain the 18 month provision contained in the

February 2004 version, despite the Defendant's representation to the Court. The Defendant has breached the Lease by failing to honor the Reimbursement Tax Rider, and as a result, the Plaintiff has suffered damages. Plaintiff is entitled to a recovery of monetary damages as a result of this breach of contract.

Respectfully submitted this, the 12th day of February, 2008.

KERIN MOTORS, INC., Plaintiff

s/ Lawrence M. Magdovitz, II_______________
LAWRENCE MAGDOVITZ, II (BPR 020869)
*Law Offices of Lawrence Magdovitz*
8342 Macon Road
Cordova, TN 38018
(901) 737-0500
(901) 737-1604 (fax)
*larry@magdovitz.com*

CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and exact copy of the foregoing, was provided through Electronic Case Filing with the Court of Federal Claims on February 12, 2008, to the following person:

Stephen D. Lobaugh, Esq.
Civil Practice Section
United States Postal Service
475 L'Enfant Plaza, S.W., Room 6333
Washington, D.C. 20260-1127

s/ Lawrence M. Magdovitz, II______
Lawrence M. Magdovitz, II, Esq.